JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Louis Sklarz
1425 Horsham Road North Wales, PA 19454

**(b)** County of Residence of First Listed Plaintiff   Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Barry G. Magen, Esq., Kline & Specter, PC
1525 Locust Street
Philadelphia, PA 19102          215-772-1339

## DEFENDANTS

UNITED STATES d/b/a Crescenz Veterans Administration Medical Center U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, District of Columbia 20530

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☒ 2   U.S. Government
      Defendant

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
    Proceeding
☐ 2  Removed from
    State Court
☐ 3  Remanded from
    Appellate Court
☐ 4  Reinstated or
    Reopened
☐ 5  Transferred from
    Another District
    *(specify)*
☐ 6  Multidistrict
    Litigation -
    Transfer
☐ 8  Multidistrict
    Litigation -
    Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1346
Brief description of cause:
Negligence of defendants, including failure to remove foreign body, resulted in bilateral below the knee amputation

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/18/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Barry Magen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **LOUIS SKLARZ**<br>**1425 Horsham Road**<br>**North Wales, PA 19454.**<br>        **v.**<br><br>**UNITED STATES d/b/a Crescenz**<br>**Veterans Administration Medical Center**<br>**U.S. Department of Justice**<br>**950 Pennsylvania Avenue, NW**<br>**Washington, District of Columbia 20530** | CIVIL ACTION NO. |

---

## COMPLAINT

Plaintiff, Louis Sklarz, files this Complaint against Defendant United States.  In support thereof, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This case sounding in medical malpractice involves a claim for personal injury brought against the United States under Section (b)(1) of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. §1346.  Jurisdiction is based on 28 U.S.C. §1331 (federal question), 42 U.S.C. §1346, *et seq.*  (FTCA litigation) and 28 U.S.C. §1367 (supplemental jurisdiction).

2.      This matter is brought under the Federal Tort Claims Act.

3.      Venue is proper because the Plaintiff resides in this judicial district.

## THE PARTIES

4.      Plaintiff, Louis Sklarz, is an individual and adult citizen of the Commonwealth of Pennsylvania residing therein at 1425 Horsham Road, North Wales, PA 19454.

5.      Defendant United States d/b/a Crescenz Veterans Administration Medical Center ("Philadelphia VAMC") is a hospital and health care facility for veterans.  The Philadelphia

VAMC maintains its principal place of business at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104. The Philadelphia VAMC is responsible for the conduct of Eric Farabaugh, MD, Rachel Rivera, RN, Eric Espinosa, RN, Eric Netland, MD, Cecilia Roman, DO, Scott Damrauer, MD, Michael Golden, MD, Pasquale Anthony Colavita, DO, Anne Sonoga, DPM, Marija Ugrinich, DPM, Phuong Tran, RN, Thomas Dency, RN, Marlene Theodore, RN, Rova Montero, RN, Maria Abillar, RN, Dipti Zaveri, RN, Reny Panthi-Abraham, RN, Lisa Witherspoon, RN, Catherine Anuma, RN, Lisa Ottley-Brunson, RN, Carmen Ruscalleda, RN, Jiji Sobin, RN, Sophy Sabu, RN, Joselito Delos Santos, RN, Michelle Whiteman, RN, Alicia Halina, RN, Felicia Hairston, RN, Megan Barracks, RN, Cecilia Tatlonghari, RN, Tamara Lewis, RN, Gift Amoateng-Aidoo, RN, Leah Bowlin, MD, Alfred Schupp, MD, Matthew Amodeo, MD, Mark Wenneker, MD, Keith Robinson, MD, Randall Swanson, MD, Dennis Parathundil, DPM, Karen Galli, DPM, Lindsay Hummel, DPM, James Ritter, DPM, Nicholas Perfetti, DPM, Lilliam Pomales-Negron, PT, Nicole Petti, OT, Meredith Julia, OT, Jazmine Alvarez, OT, Dianna Smith, OT, as well as all other employees, agents, ostensible agents, workmen, and servants. As stated more fully set forth herein, the claim asserted against this Defendant is for professional negligence of its employees, agents and ostensible agents. As stated more fully herein, a claim for direct corporate negligence is also asserted against this Defendant.

6.　　In doing the acts alleged herein, Eric Farabaugh, MD, Rachel Rivera, RN, Eric Espinosa, RN, Eric Netland, MD, Cecilia Roman, DO, Michael Golden, MD, Scott Damrauer, MD, Pasquale Anthony Colavita, DO, Anne Sonoga, DPM, Marija Ugrinich, DPM, Phuong Tran, RN, Thomas Dency, RN, Marlene Theodore, RN, Rova Montero, RN, Maria Abillar, RN, Dipti Zaveri, RN, Reny Panthi-Abraham, RN, Lisa Witherspoon, RN, Catherine Anuma, RN, Lisa Ottley-Brunson, RN, Carmen Ruscalleda, RN, Jiji Sobin, RN, Sophy Sabu, RN, Joselito Delos

2

Santos, RN, Michelle Whiteman, RN, Alicia Halina, RN, Felicia Hairston, RN, Megan Barracks, RN, Cecilia Tatlonghari, RN, Tamara Lewis, RN, Gift Amoateng-Aidoo, RN,  Leah Bowlin, MD, Alfred Schupp, MD, Matthew Amodeo, MD, Mark Wenneker, MD,  Keith Robinson, MD, Randall Swanson, MD, Dennis Parathundil, DPM, Karen Galli, DPM, Lindsay Hummel, DPM, James Ritter, DPM, Nicholas Perfetti, DPM, Lilliam Pomales-Negron, PT, Nicole Petti, OT, Meredith Julia, OT, Jazmine Alvarez, OT, Dianna Smith, OT, were acting as the employees and /or actual, apparent and/or ostensible agents of Defendant United States, that is Philadelphia VAMC, acting within the course and scope of their agency and/or employment with Defendant, United States and Philadelphia VAMC.

7.     All physicians, specialists, fellows, residents, nurses, technicians, and/or other professional and non-professional personnel of the United States and specifically Philadelphia VAMC, including but not limited to Eric Farabaugh, MD, Rachel Rivera, RN, Eric Espinosa, RN, Eric Netland, MD, Cecilia Roman, DO, Scott Damrauer, MD, Michael Golden, MD, Pasquale Anthony Colavita, DO, Anne Sonoga, DPM, Marija Ugrinich, DPM, Phuong Tran, RN, Thomas Dency, RN, Marlene Theodore, RN, Rova Montero, RN, Maria Abillar, RN, Dipti Zaveri, RN, Reny Panthi-Abraham, RN, Lisa Witherspoon, RN, Catherine Anuma, RN, Lisa Ottley-Brunson, RN, Carmen Ruscalleda, RN, Jiji Sobin, RN, Sophy Sabu, RN, Joselito Delos Santos, RN, Michelle Whiteman, RN, Alicia Halina, RN, Felicia Hairston, RN, Megan Barracks, RN, Cecilia Tatlonghari, RN, Tamara Lewis, RN, Gift Amoateng-Aidoo, RN,  Leah Bowlin, MD, Alfred Schupp, MD, Matthew Amodeo, MD, Mark Wenneker, MD,  Keith Robinson, MD, Randall Swanson, MD, Dennis Parathundil, DPM, Karen Galli, DPM, Lindsay Hummel, DPM, James Ritter, DPM, Nicholas Perfetti, DPM, Lilliam Pomales-Negron, PT, Nicole Petti, OT, Meredith Julia, OT, Jazmine Alvarez, OT, Dianna Smith, OT, who are responsible for monitoring, treating,

3

and caring for Louis Sklarz from May 13, 2019 to November 18, 2019 were acting as duly authorized, actual, apparent and/or ostensible agents, servants, and/or employees of Defendant United States and Philadelphia VAMC, and acted within the scope of their employment and/or actual, apparent and/or ostensible agency with Defendant, United States and/or Philadelphia VAMC.  The identity and/or actions of any other individuals involved in Louis Sklarz' care cannot be ascertained from the medical records, and this information is in the exclusive custody and control of Defendant and will be the subject of discovery.

8.      At all times relevant hereto, Louis Sklarz was under the medical care, treatment, and attendance of Defendant directly or through its agents, servants and/or employees, including ostensible agents identified above and under their direct control or right to control.

## GENERAL ALLEGATIONS

9.      Mr. Sklarz presented to the Emergency Department at the Philadelphia VAMC on May 13, 2019.

10.      Eric Farabaugh, MD was the Emergency Medicine physician responsible for Mr. Sklarz on May 13, 2019.

11.      Mr. Sklarz complained of left foot pain.

12.      An x-ray was performed which demonstrated a 14 mm. metallic foreign body in Mr. Sklarz' left foot.

13.      Dr. Farabaugh failed to recognize and remove the metallic foreign body embedded in Mr. Sklarz' foot despite it being described in the report of the x-ray.

14.      Mr. Sklarz was discharged to his home by Dr. Farabaugh and the foreign body remained embedded in his foot.

4

15.     Discharge Instructions indicated that Mr. Sklarz was to follow up with his primary care physician and that he had an appointment with the Veterans Administration Podiatry Service on May 22, 2019.

16.     On May 14, 2019, Mr. Sklarz called his primary care physician, Cecilia Roman, DO, because he was having severe pain in his foot that was not relieved with Tylenol.

17.     Dr. Roman instructed Mr. Sklarz that she would not prescribe opioid pain medication and instructed him to follow the recommendations from the Philadelphia VAMC Emergency Department.

18.     Mr. Sklarz presented to the VA Podiatry Service on May 22, 2019.

19.     Mr. Sklarz was treated by Susan Gamble, DPM on May 22, 2019.

20.     Mr. Sklarz had fever, chills, loss of appetite and severe pain and swelling in his left foot.

21.     On examination, the left foot was severely edematous with gangrenous changes in the left third toe.

22.     An abscess on the plantar aspect of the left foot was discovered and purulent discharge was expressed.

23.     When Dr. Gamble attempted to remove the foreign body with a hemostat in the clinic, she documented that she removed something which fell on the floor and could not be recovered.

24.     Stat x-rays of the foot were subsequently obtained and demonstrated gas from the third interspace to above the ankle.

25.     Mr. Sklarz was diagnosed with necrotizing fasciitis.

26.     Mr. Sklarz was taken for emergent left below the knee guillotine amputation on May 22, 2019.

27.     Mr. Sklarz was transferred to the Hospital of the University of Pennsylvania for hyperbaric treatment on May 25, 2019.

28.     On May 27, 2019, Mr. Sklarz underwent completion below the knee amputation.

29.     While at the Hospital of the University of Pennsylvania, Mr. Sklarz developed a right heel pressure ulcer.

30.     Mr. Sklarz was transferred back to the Philadelphia VAMC on June 7, 2019.

31.     Upon his return to the Philadelphia VAMC, Mr. Sklarz was treated by Michael Golden, MD, Scott Damrauer, MD, Pasquale Anthony Colavita, DO, Anne Sonoga, DPM, Marija Ugrinich, DPM, Phuong Tran, RN, Thomas Dency, RN, Marlene Theodore, RN, Rova Montero, RN, Maria Abillar, RN, Dipti Zaveri, RN, Reny Panthi-Abraham, RN, Lisa Witherspoon, RN, Catherine Anuma, RN, Lisa Ottley-Brunson, RN, Carmen Ruscalleda, RN, Jiji Sobin, RN, Sophy Sabu, RN, Joselito Delos Santos, RN, Michelle Whiteman, RN, Alicia Halina, RN, Felicia Hairston, RN, Megan Barracks, RN, Cecilia Tatlonghari, RN, Tamara Lewis, RN, Gift Amoateng-Aidoo, RN,  Leah Bowlin, MD, Alfred Schupp, MD, Matthew Amodeo, MD, Mark Wenneker, MD,  Keith Robinson, MD, Randall Swanson, MD, Dennis Parathundil, DPM, Karen Galli, DPM, Lindsay Hummel, DPM, James Ritter, DPM, Nicholas Perfetti, DPM, Lilliam Pomales-Negron, PT, Nicole Petti, Meredith Julia, OT, Jazmine Alvarez, OT, Dianna Smith, OT and others for whom the Philadelphia VAMC employed and/or had control and/or right of control.

32.     While at the Philadelphia VAMC, Mr. Sklarz' right lower extremity was wrapped too tight with bandages, including ACE wraps, which caused him to develop new ulcers on his right foot and impaired the healing of his right heel pressure ulcer and caused it to worsen.

33.     Mr. Sklarz underwent right lower extremity below the knee amputation on November 7, 2019.

34.     As set forth more fully below, the care and treatment provided by Defendants and their agents, servants, and/or employees to Plaintiff, as set forth herein, was negligent and deviated from accepted standards of medical care, caused and/or increased the risk of harm, and was a factual cause that resulted in Plaintiffs suffering catastrophic injuries, including the following:

        a.  Bilateral below the knee amputations;

        b.  Necrotizing fasciitis;

        c.  Gas gangrene;

        d.  Infection and sepsis;

        e.  Right heel ulcer;

        f.  Multiple right foot ulcers;

        g.  Osteomyelitis;

        h.  Requirement for long term medical and nursing care;

        i.  Pain and suffering;

        j.  Disfigurement;

        k.  Embarrassment and humiliation;

        l.  Emotional distress;

        m.  Loss of life's pleasures;

        n.  Medical expenses; and

        o.  Other additional expenses.

35.     Plaintiff, Louis Sklarz seeks the full measure of economic and noneconomic damages under Pennsylvania law, including, without limitation, pain and suffering, past and future

medical expenses, disfigurement, humiliation, emotional distress, loss of future economic

horizons, and loss of enjoyment of life and life's pleasures.

36.    Plaintiff, Louis Sklarz' permanent and catastrophic injuries are due to the

negligence of the Defendant, and not any act or failure to act by Plaintiff.

**COUNT I – NEGLIGENCE**
**LOUIS SKLARZ v. UNITED STATES**
**d/b/a CRESCENZ VETERAN'S ADMINISTRATION MEDICAL CENTER**

37.    The preceding paragraphs of this Complaint are incorporated as though fully set

forth herein.

38.    The negligence of Defendant United States d/b/a Crescenz Veterans Administration

Medical Center, by and through its employees, servants, agents, and/or apparent agents, ostensible

agents and/or workmen, consists of one or more of the following:

    a.   Failure to timely and properly treat the left foot metallic foreign body;

    b.   Failure to timely and properly remove the left foot metallic foreign body;

    c.   Failure to timely and properly administer antibiotics;

    d.   Failure to timely and properly evaluate, assess, monitor and treat Mr. Sklarz' condition;

    e.   Failure to perform timely and complete physical examinations;

    f.   Failure to timely and properly review medical records and reports;

    g.   Failure of health care providers to timely and properly communicate important information;

    h.   Failure to order, recommend, and/or perform appropriate and timely diagnostic studies, tests, and/or procedures;

    i.   Failure to properly treat right lower extremity ulcers;

8

j.   Failure to apply appropriate dressings to right lower extremity ulcers;

k.   Negligently wrapping Mr. Sklarz' right lower extremity in such a manner as to cause pressure ulcers, impair healing and exacerbate his condition;

l.   Failure to discontinue compression dressings in light of Mr. Sklarz' condition;

m.  Failure to properly supervise nurses, residents, fellows, therapists and other providers;

n.   Failure to timely and properly examine and treat Louis Sklarz;

o.   Failure to respond appropriately to Louis Sklarz' worsening condition;

p.   Failure to timely and properly treat Louis Sklarz' right lower extremity ulcers and/or right lower extremity swelling;

q.   Failure to timely and appropriately communicate Louis Sklarz' condition among medical providers; and

r.   Failure to adhere to all policies, practices and/or procedures to ensure timely and appropriate diagnosis and treatment of patients presenting with foreign bodies.

39.   The negligence of Defendant United States d/b/a Crescenz Veterans Administration Medical Center, by and through its aforementioned agents, servants, workmen and/or employees as set forth above, caused the injuries and damages suffered by Plaintiff, Louis Sklarz.

40.   Injuries to Plaintiff, Louis Sklarz were caused solely by the negligence of Defendant United States d/b/a Crescenz Veterans Administration Medical Center, and were not caused or contributed thereto by any negligence on the part of Plaintiff.

41.   WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of the

9

applicable arbitration limits, including interest, cost of suit, delay damages and such other

relief as this Honorable Court may deem appropriate.

### COUNT II – CORPORATE NEGLIGENCE
### LOUIS SKLARZ v. UNITED STATES
### d/b/a CRESCENZ VETERAN'S ADMINISTRATION MEDICAL CENTER

42.    The preceding paragraphs of this Complaint are incorporated as though fully set

forth herein.

43.    The corporate negligence arising out of the medical evaluation, care, and treatment

rendered to Plaintiff by the corporate Defendants consists of one or more of the following:

     a.   failure to oversee all persons who practiced medicine within the four walls of the Crescenz Veteran's Administration Medical Center to ensure the appropriate evaluation and management of Plaintiff so as to avoid the injuries sustained by him;

     b.   failure to formulate, adopt, and enforce adequate rules and policies to ensure quality care for Plaintiff so as to avoid the injuries sustained by him;

     c.   failure to select and retain physicians, mid-level providers, therapists and/or nursing staff competent in the evaluation, management and treatment of patients at risk for development of lower extremity ulcers and/or who have lower extremity ulcers;

     d.   failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that patients, such as Louis Sklarz, who have foreign bodies identified by x-ray, be timely diagnosed and treated in an appropriate manner and to ensure that the foreign body is timely and properly treated and removed;

     e.   failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that Emergency Department records and reports be properly communicated to primary care physicians so that patients, such as Louis Sklarz, who have foreign bodies identified by x-ray, can be timely diagnosed and treated in an appropriate manner and to ensure that the foreign body is timely and properly treated and removed;

     f.   failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that primary care physicians appropriately evaluate, assess and examine their patients following treatment in the Emergency Department;

g.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that primary care physicians appropriately review pertinent records and reports for their patients following treatment in the Emergency Department;

h.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that patients such as Louis Sklarz, be timely diagnosed and treated in an appropriate manner so that lower extremity ulcers do not occur and/or worsen and/or progress;

i.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that patients such as Louis Sklarz, who experience lower extremity ulcers, receive prompt and appropriate treatment;

j.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that an attending physician is promptly notified when patients such as Louis Sklarz are found to have a foreign body that requires removal;

k.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that patients such as Louis Sklarz, receive appropriate evaluations from an attending physician;

l.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that patients such as Louis Sklarz, receive timely and appropriate imaging studies and laboratory testing;

m.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure appropriate communication among the medical providers involved in treatment and care to ensure appropriate continuity and quality of care;

n.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure appropriate communication among the medical providers involved in treatment and care to ensure appropriate supervision of lower level providers and ensure quality of care;

o.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure appropriate supervision of mid-level providers, medical trainees therapists and nursing staff by attending physicians;

p.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure mid-level providers, medical trainees, therapists and nursing staff appropriately request attending physician intervention for patients such as Louis Sklarz, with lower extremity ulcers;

11

q.  failure to formulate, adopt, and/or enforce adequate rules and policies to ensure that adequate and appropriate evaluations  and interventions be made with appropriate frequency by nurses, mid-level providers, therapists and physicians so as to prevent pressure injury to the heel and/or prevent lower extremity ulcers from progressing and/or worsening;

r.  failing to maintain safe and adequate facilities and equipment necessary for evaluation and treatment of patients at risk for lower extremity ulcers;

s.  failing to properly oversee mid-level providers, medical residents, therapists and nursing staff and the medical care provided by them; and

t.  failing to properly oversee attending physicians and the supervision of mid-level providers, medical trainees and nursing staff provided by them.

44.     The Defendant's professional liability as described herein is not only based upon their individual acts of negligence and carelessness but is also vicarious in nature for the negligence and carelessness of its actual and apparent agents and/or employees.

45.     As a direct and proximate consequence of the Defendant's negligence and carelessness as described herein, Plaintiff has suffered the grievous and debilitating injuries and losses alleged herein.

46.     The negligence of the Defendants increased the risk of harm that Plaintiff would suffer the injuries described herein.

47.     As a direct and proximate consequence of the negligence of Defendant, Plaintiff has suffered severe pain and suffering, severe emotional distress and mental anguish, hospital and medical expense, loss of enjoyment of life's pleasures, loss of past and future earnings and all damages available under Pennsylvania law.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of the applicable arbitration limits, including interest, cost of suit, delay damages and such other relief as this Honorable Court may deem appropriate.

        **KLINE & SPECTER, P.C.**

        */s/ Barry Magen*
        SHANIN SPECTER, ESQUIRE
        BARRY MAGEN, ESQUIRE
        1525 Locust Street
        Philadelphia, Pennsylvania 19102
        215-772-1000
        Attorneys for Plaintiff

Date: <u>February 18, 2021</u>

## **VERIFICATION**

I, Louis Sklarz, hereby verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of this lawsuit. The language of this Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 **relating to unsworn falsifications to authorities.**

LOUIS SKLARZ

1

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1425 Horsham Road, North Wales, PA 19454

Address of Defendant: 905 Pennsylvania Avenue NW  Washington, District of Columbia 20530

Place of Accident, Incident or Transaction: Crescenz Veterans Administration Medical Center,
3900 Woodland Avenue, Philadelphia, PA 19104 (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Federal Tort Claims Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Barry G. Magen , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/17/21      /s/ Barry Magen      84398

Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/17/21      /s/ Barry Magen      84398

Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Louis Sklarz | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| UNITED STATES d/b/a Crescenz | : | |
| Veterans Administration Medical Center | | NO. |
| U.S. Department of Justice | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )


| 2/17/21 | /s/ Barry Magen | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-772-1339 | 215-792-5506 | Barry.magen@klinespecter.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 – Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.