**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON SKLARZ, as Administrator of the Estate of LOUIS SKLARZ, and in his own right | : : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | NO. 21-cv-0754 |
| UNITED STATES d/b/a CRESCENZ VETERANS ADMINISTRATION MEDICAL CENTER | : : : | |
| Defendant, Third-Party Plaintiff | : : | |
| v. | : : | |
| ABRAMSON CENTER FOR JEWISH LIFE and HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA | : : : : | |
| Third-Party Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT, HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, PURSUANT TO F.R.C.P. 12(b)(6)**

AND NOW, comes the Defendant, Hospital of the University of Pennsylvania (hereinafter "Responding Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin and files the within Memorandum of Law in Support of Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and avers as follows:

**I.    STATEMENT OF THE FACTS**

Plaintiff initiated the within lawsuit by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendant, United States d/b/a Cresenz Veterans Administration Medical Center on February 18, 2021. On March 3, 2021, Plaintiff also

3

filed a Complaint in the Court of Common Pleas of Philadelphia County concerning the same occurrence, naming the Hospital of the University of Pennsylvania and the Trustees of the University of Pennsylvania as Defendants.

Plaintiff filed an Amended Complaint on April 22, 2022 and a Second Amended Complaint on September 12, 2022. Plaintiff's Second Amended Complaint asserted claims against Defendant, Abramson Center for Jewish Life and Responding Defendant, Hospital of the University of Pennsylvania. (A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit "A.").

Generally, according to the Second Amended Complaint, with respect to Responding Defendant, Plaintiff seeks compensatory damages under the Wrongful Death Act and Survival Act based on allegations arising out of alleged negligence at the Hospital of the University of Pennsylvania, from May 25, 2019 through May 27, 2019 involving the right heel and leg of Plaintiff's Decedent. Plaintiff's Second Amended Complaint purports to set forth a claim of Negligence against Defendant, United States d/b/a Cresenz Veteran's Administration Medical Center in Count I; a claim of Negligence against Responding Defendant, Hospital of the University of Pennsylvania in Count II; a claim of Corporate (Direct) Negligence against Responding Defendant, Hospital of the University of Pennsylvania in Count III; a claim of Negligence against Defendant, The Abramson Center in Count IV; and a claim of Corporate (Direct) Negligence against Defendant, The Abramson Center in Count V.

According to Plaintiff's Second Amended Complaint, Plaintiff has brought the claim under Section (b)(1) of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1346. Jurisdiction is based on 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1346, *et seq.* (FTCA litigation) and 28 U.S.C. § 1367 (supplemental jurisdiction).

**II.     ISSUE TO BE ADDRESSED**

A.     WHETHER OR NOT COUNT III OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR CORPORATE (DIRECT) NEGLIGENCE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

(Suggested Answer:    AFFIRMATIVE).

**III.    LEGAL STANDARD**

Pursuant to F.R.C.P. 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading must give the defendant fair notice of what the claim is and the grounds upon which it rests."  Davis v. Corizon Health, Inc., 2015 U.S. Dist. LEXIS 15083 (February 9, 2015) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 1275 Ct. 1955 (2007).  Although a complaint does not need to contain detailed factual allegations, the pleading must contain "more than labels and conclusions" or a "formulaic recitation of a cause of action" sufficient to withstand a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.  Id. at 1965 (citing Evancho v. Fisher, 423 F.3d 347, 350 (3rd. Cir. 2005).

In deciding a motion to dismiss under F.R.C.P. 12(b)(6), this Court must accept as true all well-pleaded allegations in Plaintiff's Complaint and must construe them in a light most favorable to the Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Watson v. Abington Township, 478 F.3d 144, 150 (3rd. Cir. 2007); Kanter v. Barella, 489 F.3d 170, 177 (3rd. Cir. 2007). However, the Court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Davis v. Corizon Health, Inc., 2015 U.S. Dist. LEXIS 15082 (February 9,2015) (citing Baraka v. McGreevey, 481 F.3d 187, 195 (3rd. Cir. 2007).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court of the United States set forth an explanation of its approach to pleading a cause of action, as applicable in this Court. The Court indicated:

> First, the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by ***merely conclusory statements, do not suffice***. Although for the purposes of a Motion to Dismiss we must take all of the factual allegations in the Complaint as true, ***we 'are not bound to accept as true a legal conclusion couched as a factual allegation.*** ' Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions. Second, only a Complaint that states a plausible claim for relief survives a Motion to Dismiss.

Id. (Slip Opinion, pages 14-15) (emphasis added).

According to the Ashcroft Court,

> Determining whether a Complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense. (citation omitted).

(Id. at 15).

Thus, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct the Complaint has alleged, but it has not shown, that the pleader is entitled to relief. Id. Indeed, the United States Supreme Court has unequivocally determined that the pleading standard under Federal Rule of Civil Procedure 8 demands more than an "unadorned, the defendant-unlawfully-harmed-me accusation." Id. At 1949. Plaintiff must assert more than bare averments that he wants and is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). He must provide sufficient averments to establish fair notice of his claim and the grounds on which his claim rests. Id.

According to Plaintiff's Second Amended Complaint, Plaintiff has brought the claim under Section (b)(1) of the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1346. Jurisdiction is based on 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1346, *et seq.* (FTCA litigation) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Supplemental claims are governed by state substantive law. Mason and Dixon Intermodal, Inc. v. Lapmaster Intern. LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) (holding that "[w]hen a district court sits in diversity, or hears claims based on supplemental jurisdiction, the court applies states substantive law to the state law claims."); see also Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011) (holding that a federal court exercising supplemental jurisdiction must apply state substantive law to the claim). Accordingly, Pennsylvania substantive law governs Plaintiff's claim for corporate liability against Responding Defendant, Hospital of the University of Pennsylvania.

### IV.   ARGUMENT

    A.   **Plaintiff's Claim of Corporate Negligence Should be Dismissed Because Plaintiff's Second Amended Complaint Does Not Provide More than a Formulaic Recitation of the Elements of a Cause of Action for Corporate Liability**

The Supreme Court of Pennsylvania recognized the theory of corporate liability against hospitals in the seminal case of Thompson v. Nason Hospital, 527 Pa. 330, 591 A.2d 703, 707 (1991). The Thompson Court held that hospitals were in a unique position of oversight as to all persons practicing within its walls and providing patient care. Id. Corporate liability is a direct theory of liability against an institution for presumed "systemic negligence" of the facility, rather than negligence arising from the acts of individuals. Id.

Corporate negligence is a separate cause of action which is not based on principles of agency or allegations of medical negligence. See Kennedy v. Butler Mem. Hosp., 901 A.2d 1042 (Pa. Super. 2006). To claim a hospital is directly liable pursuant to the corporate negligence

doctrine, a Plaintiff must allege: (1) the hospital deviated from the standard of care; (2) the hospital had actual or constructive notice of the defects or procedures that created the harm; and (3) the hospital's act or omission was a substantial factor in bringing about the harm. Kennedy, 901 A.2d at 1045 (citing Whittington v. Episcopal Hosp., 768 A.2d 1144, 1149 (Pa. Super. Ct. 2001)). The second component of actual or constructive notice is critical, as the corporate negligence doctrine contemplates a "kind of systemic negligence" in the actions and procedures of the hospital itself rather than in the individual acts of its employees. Id. (citing Edwards v. Brandywine Hosp., 652 A.2d 1382, 1386 (Pa. Super. 1985)). Thus, to withstand demurrer, Plaintiff must allege **why** the hospital necessarily should have known of the alleged breaches. Kennedy, 901 A.2d at 1045.

In Kennedy, the Plaintiff filed a medical malpractice action for injuries she allegedly sustained when, after a fall in her home, she was treated at Butler Memorial Hospital. Id. at 1044. She allegedly sustained cellulitis and septic thrombophlebitis that required emergency surgery, after an intravenous drug infiltrated the surrounding tissue. Id. In her initial complaint, Kennedy attempted to state causes of action against the hospital for both direct corporate liability and vicarious liability for the negligent acts of its employees. Id. Although Plaintiff alleged that the hospital and its employees had failed to meet the requisite standards of care, she did not allege that hospital supervisory personnel had notice of the conditions upon which her claims were premised. Id. Accordingly, the hospital filed preliminary objections, asserting that Kennedy's claims sounded solely in vicarious liability; not corporate liability. Id.

In response, Kennedy filed an Amended Complaint, maintaining the vicarious liability claim and adding that her injuries had been caused by the direct corporate negligence of Butler Memorial Hospital, but still omitting reference to knowledge of or notice to supervisory personnel of the hospital. Id. (internal quotations omitted). The hospital filed a second set of preliminary

8

objections seeking dismissal of the vicarious liability claim for failure to provide a proper certificate of merit within 60 days, and asserting that Kennedy's addition of a corporate liability claim was barred by the statute of limitations. Id. The trial Court sustained the hospital's Preliminary objections, and Plaintiff appealed. Id. The Superior Court affirmed the trial court's dismissal of the corporate negligence claim on the basis that Plaintiff failed to plead a *prima facie* claim. Id.

> The Superior Court of Pennsylvania held, in relevant part:
>
> Although Kennedy's complaint alleged the 'negligence, carelessness and recklessness of agents, servants, and/or employees of Defendant, Butler Memorial Hospital,' Amended Complaint, 6/17/04, P28, **it did not allege why the hospital necessarily should have known of the alleged breaches. This point is critical to a corporate negligence claim, as any less rigorous approach would effectively eliminate any distinction at the pleading stage between claims of corporate negligence and vicarious liability.**

Id. at 1045-1046 (emphasis added).

Thus, bald conclusory allegations that a hospital had actual or constructive knowledge of a defect of a procedure are not sufficient to maintain a corporate negligence claim without the critical "**why**" the hospital necessarily should have known of the alleged breaches." Id.

Here, Plaintiff failed to plead a *prima facie* claim of corporate negligence against Responding Defendant sufficient to withstand a Rule 12(b)(6) motion. Essentially, Count III of Plaintiff's Second Amended Complaint amounts to nothing more than a formulaic recitation of the elements of the cause of action. Further, Plaintiff's Second Amended Complaint is devoid of any factual allegation that the Responding Defendant had actual or constructive notice and fails to plead "**why**" the Hospital of the University of Pennsylvania should have known of the alleged breaches. See Kennedy, 901 A.2d at 1045 (emphasis added). This is insufficient to withstand a Motion to Dismiss pursuant to Rule 12(b)(6) because a complaint must contain "more than labels

9

and conclusions" or a "formulaic recitation of a cause of action" in order to withstand a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. See Evancho v. Fisher, 423 F.3d 347, 350 (3rd. Cir. 2005).

Plaintiff's Second Amended Complaint fails to provide any factual foundation to establish a breach of any of the enumerated duties or to establish any actual or constructive knowledge on the part of Responding Defendant. Bald conclusory allegations are insufficient and fail to set forth the requisite foundation which is necessary to establish this element. Rather, the allegations of Plaintiff's Second Amended Complaint are limited to the deficiencies and the conduct of various medical personnel and it cannot be fairly inferred that Responding Defendant had notice of this conduct and permitted it to continue.

Aside from specific instances of alleged negligent care, which is denied, nowhere in the Second Amended Complaint does Plaintiff state any facts against Responding Defendant, Hospital of the University of Pennsylvania, pertaining to a corporate liability claim specific to the care involving Plaintiff's Decedent. Specifically, there are no facts in Plaintiff's Second Amended Complaint that would support allegations of systemic negligence on the part of the Hospital of the University of Pennsylvania.

In reviewing Plaintiff's Second Amended Complaint, Plaintiff has failed to properly plead a claim for corporate negligence against Responding Defendant. To the contrary, Plaintiff has pled a claim for vicarious liability for the actions of agents, servants and/or employees, but not for direct negligence of Responding Defendant. With respect to Responding Defendant, Plaintiff's Second Amended Complaint stated the following:

> 35. While at the Hospital of the University of Pennsylvania, Mr. Sklarz was admitted to the Vascular Surgery service.
>
> 36. Scott Damrauer, MD, Anne Foley, CRNP, Chad Sudoko, MD, Benjamin Jackson, MD, Solomon Husain, MD,

10

        Sanford Roberts, MD, Andreas Giannakou, MD, Luis Filippe Da Cruz Monteiro de Pina, MD, and Kent Amoo-Achampong, MD were physicians, nurse practitioners and/or medical trainees on the vascular Surgery Service who were responsible for Mr. Sklarz during his admission to the Hospital of the University of Pennsylvania.

37.    Laura Smith, RN, Nadine Dupiche, RN, Rachel Long, RN, Gabrielle St. Jarre, RN, Brooke Edwards, RN, Olivia Olszak, RN, Analene Tunacao, RN, Debbie Gold, RN, Stephanie Libes, RN, Katelyn Maccready, RN, Rebecca Calk, RN, Tessa Peterson, RN and Andrea Lillo, RN were nurses responsible for Mr. Sklarz during his admission to the Hospital of the University of Pennsylvania.

38.    During the admission, the providers responsible for Mr. Sklarz failed to take proper measures to prevent the development of pressure injury to his right heel.

See Exhibit "A," at ¶¶ 35-38.

These paragraphs represent a clear example of a vicarious liability claim, not a corporate negligence claim. Plaintiff has failed to aver breaches of the four non-delegable duties outlined by the Thompson Court. Thompson, 527 Pa. 300 at 339.

Thus, Plaintiff's Second Amended Complaint fails to plead a *prima facie* case of corporate negligence to withstand a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.

## V.    CONCLUSION

For all the foregoing reasons, Responding Defendant respectfully requests that Plaintiff's claim for corporate negligence as contained in Count III of Plaintiff's Second Amended Complaint against the Hospital of the University of Pennsylvania be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
KATHLEEN M. KRAMER, ESQUIRE
DANIEL H. TRAN, ESQUIRE
Attorneys for Defendants,
Hospital of the University of Pennsylvania

Date: September 30, 2022

12